IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY A. CHATMAN,

    Petitioner,                   No. CIV S-10-0264 KJM CKD P

   vs.

M. S. EVANS,                       ORDER AND

    Respondent.             FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se on with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action proceeds on the original petition filed on January 21, 2010. (Dkt. No. 1.) On June 29, 2010, respondent filed a motion to dismiss the petition on the ground that it was untimely. (Dkt. No. 12.) On January 12, 2011, the magistrate judge previously assigned to this case issued findings and a recommendation that the motion to dismiss be granted. (Dkt. No. 25.) Petitioner filed objections to the findings and recommendations. (Dkt. No. 33.) On April 4, 2011, the district judge declined to adopt the magistrate's findings and recommendations, reasoning that the "substantial new material" petitioner submitted in his objections must be considered in ruling on the motion to dismiss. (Dkt. No. 34.) Thus, respondent's motion to dismiss is still pending before this court. For the reasons discussed below, the undersigned will recommend that the motion to dismiss be granted.

1

        In addition, on May 12, 2011 petitioner filed a motion to file an amended petition for writ of habeas corpus, a proposed amended petition, and a request that this action be stayed so petitioner can exhaust state remedies with respect to the new claim presented in the amended petition. The instant order addresses that motion as well.

I. <u>Motion to Dismiss</u>

        As noted above, on January 12, 2011, the previously assigned magistrate judge issued findings and recommendations concluding that the petition should be dismissed for untimeliness. The magistrate judge first determined that the petition was statutorily time-barred, as it was not filed within the one-year period for filing a federal habeas petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Dkt. No. 25 at 2-4.) Second, the magistrate judge determined that petitioner was not entitled to equitable tolling of the limitations period due to his alleged difficulties with an inmate writ-writer and/or mental illness or mental incapacity. (<u>Id</u>. at 4-11.)

        On April 4, 2011, the district judge issued an order stating in relevant part:

> Petitioner filed objections and recommendations, supported by additional medical records from the relevant period and declarations suggesting he did not have access to his legal materials during a portion of the limitations period and that he had not prepared the pleadings filed in state and federal court during the limitations period.
>
> In light of this substantial new material, this court . . . refers the case back to the Magistrate Judge for consideration of the impact of this new material on the findings and recommendations.

(Dkt. No. 34 at 1-2.) As the undersigned reads this order, only equitable tolling remains at issue, as none of the described material impacts the analysis of whether the petition is statutorily time-barred. (See Dkt. No. 25 at 2-4.) Thus, the question before this court is whether petitioner's mental health issues, lack of access to legal materials, and/or difficulties with the legal process served to equitably toll the limitations period so as to render the petition timely.

////

A. <u>Mental Illness or Incapacity</u>

   1. <u>Mental Illness</u>

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace</u>, supra, 544 U.S. at 418; <u>see</u> also <u>Irwin v. Department of Veteran Affairs</u>, 498 U.S. 89, 96 (1990); <u>Calderon v. U.S. Dist. Ct. (Kelly)</u>, 163 F.3d 530, 541 (9th Cir.1998), citing <u>Alvarez–Machain v. United States</u>, 107 F.3d 696, 701 (9th Cir.1996), cert denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Mental illness can, in certain circumstances, rise to the level of an "extraordinary circumstance" beyond a petitioner's control that warrants equitable tolling. <u>Laws v. Lamarque</u>, 351 F.3d 919, 923 (9th Cir. 2003). However, the circumstances must be exceptional. <u>See</u> <u>Rhodes v. Senkowski</u>, 82 F. Supp. 2d 160, 168–70, 173 (S.D.N.Y. 2000); <u>also</u> <u>U.S. v. Sosa</u>, 364 F.3d 507, 512 (4th Cir. 2004) ("As a general matter, the federal courts will apply equitable tolling because of petitioner's mental condition only in cases of profound mental incapacity"). In addition, petitioner must show that the alleged mental incompetence "in fact" caused him to fail to file a timely habeas petition. Laws, 351 F.3d at 923.

Recently, in Bills v. Clark, 628 F.3d 1092 (9th Cir. 2010), the Ninth Circuit had occasion to consider when a petitioner's mental condition may constitute an extraordinary circumstance justifying equitable tolling of the untimely filing of a habeas petition. In Bills, the Ninth Circuit set forth a two-part test to determine a petitioner's eligibility for equitable tolling due to mental impairment:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, See [Holland v. Florida, 560 U.S. ——, 130 S.Ct. 2549, 2562 (2010)], by demonstrating the impairment was so severe that either

>>(a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>
>>(b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
>(2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance. See id.

Bills, 628 F.3d at 1099–1100.

Here, the relevant period is between March 6, 2007, when the one-year limitations period began, and January 5, 2010, when the instant petition was constructively filed. (Dkt. No. 25 at 3 (commencement of limitations period); Dkt. No. 1 at 7 (date petition was signed).)[1] See Laws v. Lamarque, 351 F.3d 919, 932 (9th Cir. 2009) ("After a hearing, Laws was adjudicated competent to stand trial in 1993, notwithstanding evidence of serious mental illness. But that determination has little bearing on his competence *vel non* during the period 1996-2000" – i.e., "the years when his petitions should have been filed.")

The undersigned has reviewed the mental health records submitted by petitioner with his March 7, 2011 objections. (Dkt. No. 33.) In summary, they indicate that throughout 2007 petitioner suffered from depression and lack of energy; had trouble sleeping and sometimes heard voices at night; at times showed symptoms of schizophrenia; and at times appeared disheveled, dirty, and "fragile." (Id., Ex. 4, passim; see also id. at 7-11.) However, the records also indicate that petitioner regularly expressed throughout 2007 that he was "O.K." and "feeling better." (E.g., id., Ex. 4. at 3, 11, 19, 22, 24, 43.) His medications during this period included

---

[1] Under the mailbox rule, a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001); Houston v. Lack, 487 U.S. 266, 276 (1988). It has been held that the date the petition is signed may be inferred to be the earliest possible date an inmate could have submitted his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003), overruled on other grounds, Pace v. DiGuglielmo, 544 U.S. 408 (2005).

4

the anti-depressants Zoloft and Trazodine and the anti-psychotic medication Zyprexa.  (Id., Ex. 4 at 3.)  A progress note dated May 13, 2007 states that petitioner "is monitored daily at cell door by mental health staff [and] has no current M[ental] H[ealth] complaint. Stable on meds. No adverse side effects noted."  (Id., Ex. 4 at 12.)  A progress note dated August 26, 2007 states that petitioner "is a somewhat lower functioning inmate, slightly unkempt . . . [He] is medication compliant, voices no psychiatric complaints, and does not complain of side effects to prescribed medication."  (Id., Ex. 4 at 24.)  Multiple progress notes from September 2007 make similar statements, all adding that petitioner "is essentially stable."  (Id., Ex. 4 at 30, 33, 35.)  A progress note dated October 12, 2007 states that petitioner is medication compliant with no complaints or adverse side effects.  (Id., Ex. 4 at 42.)

In his January 12, 2011 findings and recommendations, the previously assigned magistrate judge discussed the 2008 records previously submitted by petitioner, which also suggested that petitioner was stable on medication and had no mental health problems that would constitute an "extraordinary circumstance" under Bills.  (Dkt. No. 25 at 8.)  Petitioner has not provided any additional mental health records from 2008 or later.

From this record, the undersigned concludes that while petitioner suffered from mental health problems during the relevant period, he has not carried his burden under the first part of the Bills test to show that his mental illness was so severe that he was unable either to understand the need to file or to personally prepare and file a habeas petition.  Accordingly, the court need not reach the question of whether petitioner showed diligence in pursuing his claims under the second part of Bills.

    2. Illiteracy

In his objections, petitioner also asserts that the limitations period should be equitably tolled due to his low I.Q. and illiteracy.  In support, petitioner has submitted records indicating that in 2008 he read at approximately a fifth-grade level, possessed language skills at the second- or third-grade level, and in later years was enrolled in a prison literacy program.

(Dkt. No. 33, Ex. 6.) Courts have recognized that a low educational level, even to the point of illiteracy, does not automatically entitle an inmate to equitable tolling. See, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) (inability to understand English not necessarily a basis for equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the law due to illiteracy not sufficient); Adkins v. Warden, 585 F. Supp.2d 286, 298–99 (D. Conn. 2008) (educational deficits). On the record before it, this court cannot find that it was petitioner's limited education, rather than his lack of diligence, that prevented him from pursuing this action.

In sum, the court finds that equitable tolling on the basis of petitioner's mental condition does not serve to render the petition timely.

B. Lack of Access to Materials

In his objections to the January 12, 2011 findings and recommendations, petitioner asserts that for the first eight months of the limitations period, from March 7, 2007 through November 2, 2007, he was in Administrative Segregation and did not have access to his legal files. (Dkt. No. 33 at 15; see id., Ex. 4 (records indicating that petitioner was in administrative segregation at various times in 2007).) The Ninth Circuit has held that "a complete lack of access to a legal file may constitute an extraordinary circumstance, and that it is 'unrealistic to expect a habeas petitioner to prepare and file a meaningful petition on his own within the limitations period without access to his legal file.'" Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009), citing Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005).

Here, assuming arguendo that the limitations period was equitably tolled until November 2, 2007, the fact remains that petitioner filed the instant petition nearly two years after the AEDPA deadline of March 6, 2008. Nothing in petitioner's newly submitted materials explains why his lack of access to legal materials prevented him from filing a federal habeas

petition between November 2007 and January 2010.[2] Rather, petitioner asserts that in November 2007, he was placed into the general population at CSP-Corcoran and was "unable to prepare a habeas petition" due to his mental condition and illiteracy, discussed earlier. (Dkt. No. 33 at 20.) However, the court has already determined that petitioner has not met his burden to show that either of these factors entitle him to equitable tolling.

Thus, equitable tolling due to lack of access to legal materials, while perhaps applicable to some portion of the relevant period, cannot alone serve to render the petition timely.

C. Difficulties with Legal Process

In his objections, petitioner asserts that, contrary to the previous findings, he did not personally prepare a civil action that was filed in federal court during trial proceedings in his criminal case. (Dkt. No. 33 at 17-18; see Dkt. No. 25 at 10 ("Moreover, even during the pendency of trial proceedings, petitioner filed a civil action in this court, complaining about defense counsel's representation.")) Petitioner states that a fellow inmate, Jamal Easterling, prepared this motion along with a state court motion on petitioner's behalf, as petitioner's mental illness and illiteracy prevented him from doing so himself. (Dkt. No. 33 at 17-18.)

Be that as it may, petitioner's trial took place in 2005. (See Dkt. No. 33, Ex. 5.) Evidence of his mental condition at that time bears only indirectly on his mental condition during the relevant period, which began on March 6, 2007. The gravamen of petitioner's objections is that his mental illness and illiteracy, combined with his lack of access to legal materials while in administrative segregation, prevented him from filing the instant petition until January 5, 2010. However, as discussed above, none of the new evidence, either alone or combination, meets the high bar required to establish equitable tolling for a long enough period to render the petition timely. Petitioner's assertion that he needed help to prepare legal papers during his 2005 trial does not fundamentally alter this analysis.

---

[2] As noted in the previous findings and recommendations, petitioner's state habeas petitions filed in 2009 did not toll the limitations period. (Dkt. No. 25 at 3.)

In sum, having reviewed the new materials submitted with petitioner's objections, the undersigned will recommend that respondent's motion to dismiss be granted.

II. Motion to Amend / Stay and Abey

Petitioner also renews his December 10, 2010 motion to file an amended petition and stay this action so that he can exhaust state remedies as to the new claim presented in the amended petition. (See Dkt. No. 29.) The previously assigned magistrate judge denied petitioner's December 2010 motion, reasoning: "If the original petition is dismissed as time-barred, the only claim that would remain in the amended petition is the new, unexhausted claim, and this court cannot stay a habeas petition which contains no exhausted claims. [Citation.]" (Id.) As the district court has yet to rule on whether respondent's motion to dismiss will be granted, this same reasoning applies today. Should the district court deem the operative petition timely despite this court's recommendation that it be dismissed, petitioner may renew his motion to stay and abey.

Accordingly, IT IS HEREBY ORDERED THAT petitioner's May 12, 2011 motion to amend and stay (Dkt. No. 35) is denied without prejudice.

IT IS HEREBY RECOMMENDED THAT:

1. Respondent's June 29, 2010 motion to dismiss for untimeliness (Dkt. No. 12) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are

\\\\

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 14, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
chat0264.mtd2