UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY A. CHATMAN, | No. 2:10-cv-0264 KJM CKD P |
| Petitioner, | |
| v. | ORDER |
| M. S. EVANS, | |
| Respondent. | |

On November 26, 2014, the United States Court of Appeals for the Ninth Circuit reversed the January 19, 2012 judgment of dismissal in this pro se prisoner action and remanded "to allow Chatman to file his § 2254 petition." (ECF No. 53 at 4.) By this order, the undersigned seeks to clarify the Ninth Circuit's mandate in light of the procedural history of this action.

I. The Amended Petition

The judgment of dismissal concerned the original petition filed on January 21, 2010. (See ECF No. 39 at 1.) Twice during the course of this action, petitioner moved to file an amended petition and stay this action while exhausting remedies as to a new claim. (ECF Nos. 21, 35; see ECF No. 22 (proposed amended petition).) Both motions were denied. (ECF Nos. 29, 39.) However, in its order denying the motion, the undersigned noted: "Should the district court deem the operative petition timely . . . , petitioner may renew his motion to stay and abey." (ECF No. 39 at 8; see ECF No. 29 at 1-2 (same).)

1

Now the Ninth Circuit has deemed the operative petition timely. In it, petitioner asserts that trial and appellate counsel rendered ineffective assistance under the Sixth Amendment. (ECF No. 1.) Specifically, he asserts that trial counsel was ineffective in adopting a "self-defense" theory but not allowing petitioner to testify, and appellate counsel was ineffective for "failing to spot and raise" certain issues. (Id. at 9.)

In his proposed amended petition, petitioner adds a second ineffective assistance claim, asserting:

> Petitioner was denied the effective assistance of counsel when his trial counsel failed to properly investigate the case and present substantial evidence of Petitioner's mental status and whether he actually had the necessary mental status of wilful [sic], deliberate premeditation that is necessary for his crimes.

(ECF No. 22 at 4.) In his prior motions, petitioner sought a stay of this action in order to exhaust state remedies as to this claim. (ECF Nos. 21, 35.)

II. Motion for Stay

The court construes petitioner's May 12, 2011 motion as seeking a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). (See ECF No. 35 at 2 (seeking to "voluntarily dismiss" Claim 2 and return to state court to exhaust this claim while federal action is stayed).)

The "Kelly procedure" involves the following three-step process:

> (1) petitioner amends his petition to delete any unexhausted claims,
>
> (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and
>
> (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). If a petitioner's newly-exhausted claims are untimely, he may amend his petition to include them only if they share a "common core of operative facts" with the claims in the original federal petition. See King, 564 F.3d at 1140–41; see also Duncan v. Walker, 533 U.S. 167, 172–75 (2001) (unlike the filing of a state habeas

/////

/////

2

petition, the filing of a federal habeas petition does not toll the statute of limitations).[1]

Here, in light of the Ninth Circuit's order of remand, if petitioner renews his request for a Kelly stay, the undersigned will grant it. In such an event, this action would continue on the original petition; the court would disregard the proposed amended petition; and petitioner would file a new, fully-exhausted amended petition after Claim 2 was exhausted in the state courts.

III. Next Steps

At this time, petitioner must inform the court how he wishes to proceed. He may proceed on the original petition and its sole claim. In that case, the court will direct respondent to file a response to the January 21, 2010 petition.

Or, he may proceed on the original petition and request a Kelly stay while he exhausts state remedies as to Claim 2, as described above. In that case, this action will be administratively stayed while he returns to the state courts.

Or, he may proceed on the proposed amended petition filed December 10, 2010. As that petition is "mixed," petitioner will need to file a motion for stay pursuant to Rhines, showing (1) potential merit of the unexhausted claim and (2) good cause.

Accordingly, IT IS HEREBY ORDERED THAT within thirty days of the date of this order, petitioner shall notify the court how he wishes to proceed in this action as set forth above.

Dated: December 11, 2014

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / chat0264.ord

---

[1] The United States Supreme Court has authorized a second procedure for pursuing both exhausted and unexhausted claims, set forth in Rhines v. Weber, 544 U.S. 269, 277 (2005). Under the Rhines procedure, the petitioner may proceed on a "mixed petition," i.e., one containing both exhausted and unexhausted claims, and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them. To obtain a Rhines stay of a mixed petition pending exhaustion of the unexhausted claims, the petitioner must show that (1) the unexhausted claims are potentially meritorious; and (2) petitioner had good cause for his earlier failure to exhaust state remedies. 544 U.S. 269.

3