1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9          FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   LARRY A. CHATMAN,                    No.  2:10-cv-0264 KJM CKD P

12              Petitioner,

13        v.                              FINDINGS AND RECOMMENDATIONS

14   M. S. EVANS,

15              Respondent.

16

17        This habeas action pursuant to 28 U.S.C. § 2254 was remanded by the Ninth Circuit in

18   November 2014.  (ECF No. 53.)  Petitioner is a state prisoner represented by counsel.  Before the

19   court are petitioner's motion to amend, submitted along with a proposed second amended petition

20   (ECF Nos. 64 & 65) and his motion to stay proceedings pending exhaustion of state remedies

21   (ECF No. 66.)  As these motions are related, respondent has filed a single opposition (ECF No.

22   67) and petitioner has filed a reply (ECF No. 68).

23   I.  Background

24        In 2003, petitioner was spending Christmas Day at his cousin's house when the two got

25   into an argument, and petitioner wounded his cousin's hand with a pair of pruning shears.  (ECF

26   No. 64-1 at 7-9.)  In 2005, following a jury trial in the Solano County Superior Court, petitioner

27   was convicted of premeditated attempted murder and related offenses, and sentenced to an

28   indeterminate prison term of 23 years to life.  (ECF No. 1 at 9-10.)

1

Petitioner commenced this federal habeas action in January 2010, challenging his 2005 conviction.  (ECF No. 1 at 2.)  He claimed that his trial counsel rendered ineffective assistance by adopting a self-defense theory but not allowing petitioner to testify, and that his appellate counsel was also ineffective.[1]  (Id. at 9.)

On December 10, 2010, petitioner filed motions to amend the petition and stay this action pending exhaustion of a new claim, along with a proposed amended petition.  (ECF Nos. 21 & 22.)  On February 9, 2011, the previously-assigned magistrate judge denied these motions, as findings were pending dismissing the original petition as time-barred.  (ECF No. 29.)

After additional proceedings, on January 19, 2012, the district court adopted findings and recommendations dismissing the original petition in this action as untimely.  (ECF Nos. 39 & 45.)  Petitioner appealed the judgment of dismissal.  (ECF No. 47.)

On November 26, 2014, the Ninth Circuit reversed the judgment of dismissal and remanded this action to the district court.  (ECF No. 53.)  The Ninth Circuit found the January 2010 petition timely under the doctrine of equitable tolling.[2]  (Id.)

On February 5, 2015, petitioner filed a pro se motion to amend, along with a first amended petition.  (ECF Nos. 58 & 59.)

On March 16, 2015, petitioner was appointed counsel in this action.  (ECF No. 62.)  On the same day, the court denied petitioner's motion to amend without prejudice to renewal, "so that petitioner may consult his attorney before determining how to proceed."  (ECF No. 63.)

On July 14, 2015, petitioner filed the instant motions to amend and stay, along with the proposed second amended petition.  (ECF Nos. 64-66.)

////

////

---

[1] In 2009, petitioner filed two state habeas petitions raising these claims.  The second petition was denied in the state supreme court in October 2009.  (ECF No. 1-1 at 36-39.)  Thus it appears this claim was exhausted at the time of filing.

[2] On December 12, 2014, the court issued an order outlining for petitioner, then proceeding pro se, his procedural options in light of the Ninth Circuit's remand.  (ECF No. 54.)  The order was subsequently vacated.  (ECF No. 55.)

II.  Motion to Amend

In his motion to amend, petitioner through counsel asserts that he

> seeks leave to file the second amended petition due to his serious
> mental health conditions, lack of language skills, low IQ, and the
> recent appointment of counsel.   The second amended petition
> includes the two claims in Chatman's first amended petition, which
> have already been deemed timely filed under the equitable tolling
> doctrine.  It adds an additional claim under Batson v. Kentucky,
> 476 U.S. 79 (1986) (claim 3) and a cumulative error claim (claim
> 4).

(ECF No. 65 at 2-3.)

Specifically, in the proposed second amended petition, petitioner asserts the following

claims:

> CLAIM 1
>
> Petitioner was deprived of his rights . . . where his trial counsel
> rendered ineffective assistance of counsel by failing to properly
> investigate and present evidence of petitioner's mental health
> history and conditions to negate the intent element for attempted
> first-degree murder.   Appellate counsel also rendered ineffective
> assistance by failing to raise this claim in a petition for review to
> this Court.
>
> CLAIM 2
>
> Petitioner was deprived of his rights . . . where his trial counsel
> rendered ineffective assistance of counsel for using a self-defense
> strategy at trial without having petitioner testify in support of the
> defense.   Sentencing and appellate counsel rendered ineffective
> assistance for failing to raise this issue in a motion for new trial and
> on appeal, respectively.
>
> CLAIM 3
>
> Petitioner was deprived of his rights . . . by the prosecutor's
> discriminatory use of peremptory challenges to strike three African-
> American jurors and his appellate counsel rendered ineffective
> assistance of counsel in failing to raise this issue on appeal.
>
> CLAIM 4
>
> Even if Claims 1-3 were not each individually sufficiently
> prejudicial to warrant habeas relief, the errors cumulatively were so
> prejudicial as to require a new trial.

(ECF No. 64 at 4-5) (internal citations omitted).

As to exhaustion, petitioner asserts:

3

1
2
3

> Claim 1 was raised in petitioner's briefs to the California Court of Appeal, 1st District; appellate counsel rendered ineffective assistance in failing to present this claim to the California Supreme Court in a petition for review and the California Supreme Court erred in denying petitioner's pro se petition for review as untimely.

4  (Id. at 5.)

5      Claim 2 was exhausted in state habeas proceedings.  (Id.; see n.1, supra.)  "Claims 3-4
6  were not raised on appeal because Petitioner's appellate counsel rendered ineffective assistance in
7  failing to include these claims on appeal."  (Id.)

8      In conjunction with his motion to amend, petitioner moves to stay this action pursuant to
9  Rhines v. Weber, 544 U.S. 269 (2005) while he exhausts Claims 1, 3 and 4 in the state courts.
10  (ECF No. 66.)  On June 30, 2015, petitioner through counsel filed an exhaustion habeas petition
11  in the California Supreme Court, which is now pending.  (Id. at 5-6; see ECF No. 66-2.)

12      Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be given
13  freely when justice requires.  In deciding whether justice requires granting leave to amend, factors
14  to be considered include the presence or absence of undue delay, bad faith, dilatory motive,
15  repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing
16  party and futility of the proposed amendment.  Forman v. Davis, 371 U.S. 178, 182 (1962).

17      In opposition to amendment, respondent argues that "the new claims petitioner raises . . .
18  do not relate back to the ineffective assistance claims raised in the original petition and are
19  therefore untimely.  Since the new claims are barred by the statute of limitations, petitioner
20  should not be permitted to amend his petition."  (ECF No. 67 at 1.)  Essentially, respondent is
21  arguing futility of amendment.

22      Respondents points out that, aside from Claim 2 (the "self-defense" IAC claim), none of
23  the three proposed new claims were included in the January 2010 petition found timely by the
24  Ninth Circuit.  Respondent contends that the Ninth Circuit's finding that the petition was timely
25  due to equitable tolling applied to the January 2010 petition only, not to later-filed claims.
26  Moreover, respondent argues, none of the three new claims "relate back" to the original IAC
27  claim and so are not timely on that basis.  The undersigned considers these arguments in reverse
28  order.

4

1    A. Relation back

2            Under Rule 15(c)(2) of the Federal Rules of Civil Procedure, an amendment of a pleading

3    relates back to the date of the original pleading when "the claim or defense asserted in the

4    amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be

5    set forth in the original pleading."  The rule applies in habeas corpus proceedings.  Mayle v.

6    Felix, 545 U.S. 644, 650 (2005); Anthony v. Cambra, 236 F.3d 568, 576 (9th Cir. 2000).  In

7    Mayle, the United States Supreme Court held that relation back is in order if the claim to be

8    amended into the petition is tied to the original timely petition by "a common core of operative

9    facts."  Mayle, 545 U.S. at 664.  Conversely, the claim does not relate back when it asserts a new

10   ground for relief supported by facts that differ in both "time and type" from those the original

11   pleading set forth.  Id. at 650.  The Mayle court expressly rejected the Ninth Circuit's

12   interpretation of the rule that a claim relates back if it arises merely from the same judgment and

13   conviction.  Id. at 656–657.   "An amended habeas petition does not relate back . . . when it

14   asserts a new ground for relief supported by facts that differ in both time and type from those the

15   original pleading set forth."  Hebner v. McGrath, 543 F.3d 1133, 1138 (9th Cir. 2008) (quoting

16   Mayle, 545 U.S. at 650).

17           In Hebner, the Ninth Circuit applied the Mayle standard to a habeas petition. The court

18   held that the prisoner's amended claims regarding improper jury instructions violating his due

19   process rights did not relate back to his original claim regarding the admission of a witness

20   testimony violating his due process rights because the two events were "separated in time and

21   type."  Hebner, 543 F.3d at 1138 (internal quotations omitted).  The court explained that "the first

22   claim focus[ed] on the admission of evidence . . . [while] the later claim [focused] on the

23   instructions given to the jury, suggesting that they were separate occurrences."  Id. at 1139.

24           Moreover, "courts generally have declined to find that a newly added claim related back

25   when the original claim involved similar issues but was based on actions taken by different

26   people."  Whitehead v. Hedgpeth, 2013 WL 3967341, *5 (N.D. Cal. July 31, 2013) (collecting

27   cases); see, e.g., Lopez v. Runnels, CIVS–03–0543 JAM DAD P, 2008 WL 2383952 (E.D. Cal.

28   June 9, 2008) report and recommendation adopted, CIV S030543 JAM DAD P, 2008 WL

1   3200856 (E.D. Cal. Aug. 7, 2008) aff'd, 495 Fed. Appx. 855, at *18–19 (9th Cir. 2012)

2   (petitioner's amended claim of ineffective counsel's failure to interview witnesses who could

3   corroborate his claim of innocence did not relate back to petitioner's original claim of insufficient

4   evidence to convict him since the original claim "stem[med] from the sufficiency of the evidence

5   introduced at trial" while his amended claim "stem[med] from other distinct aspects of his trial

6   and pre-trial proceedings.").  See also Morales v. Hedgpeth, No. 2:12-cv-0544 LKK KJN P, 2013

7   WL 5425153, *2 (Sept. 27, 2013) (claims in amended petition did not "relate back" to original

8   claim and thus were untimely absent equitable tolling).

9          Applying Mayle, the undersigned concludes that the facts in the three proposed new

10   claims differ in "time and type" from the facts in the self-defense IAC claim in the January 2010

11   petition.  Nor does petitioner argue in his reply that the three new claims "relate back" to the

12   January 2010 petition under Mayle.  Thus the new claims are not timely under the "relation back"

13   doctrine.

14   B.  Equitable Tolling

15          The more involved argument concerns the Ninth Circuit's finding that the January 2010

16   petition was timely due to equitable tolling.  Specifically, the Ninth Circuit wrote:

17              Chatman produced uncontroverted evidence demonstrating a long
               history of mental illness, including a report by a psychiatric expert,
18              Social Security Administration disability records, and prison
               medical records.  Chatman has been diagnosed with psychotic
19              disorder, paranoid schizophrenia, alcohol-induced persisting
               dementia, alcohol abuse disorder, and antisocial personality
20              disorder.  The record also indicates that Chapman frequently suffers
               from depression and experiences auditory hallucinations.
21              Moreover, the records show that Chapman has an IQ of 69 and the
               language skills of a third-grader.  Chatman was heavily medicated
22              during at least part of the filing period.  According to the affidavits
               of Chatman and other inmates, Chatman was able to file motions
23              and petitions, including his federal habeas petition, only with the
               assistance of other inmates.
24

25   (ECF No. 53 at 2.)  Based on this record, the Ninth Circuit concluded that petitioner was entitled

26   to equitable tolling under Bills v. Clark, 628 F.3d 1092, 1100 (9th Cir. 2010).  (Id. at 4.)

27          In analyzing the timeliness of the January 2010 petition, the relevant period was between

28   March 2007 and January 2010.  (ECF No. 39 at 4.)  Because petitioner lacked access to his legal

1   materials between March 2007 and November 2007, the period deemed equitably tolled due to

2   mental illness was between November 2007 and January 2010.  (See id. at 6-7.)

3       While Claim 2 in the proposed second amended petition was included in the January 2010

4   petition, and therefore timely per the Ninth Circuit, the three new claims were filed in federal

5   court months or years later.  Claim 1 was first raised in petitioner's proposed amended petition in

6   December 2010.[3]  (ECF No. 22.)  Claims 3 and 4 were first raised in petitioner's proposed second

7   amended petition in July 2015.  (ECF No. 64.)

8       Respondent argues that the Ninth Circuit's finding of equitable tolling between November

9   2007 and January 2010 does not apply to these later claims.  "Petitioner is not entitled to an

10  additional eleven months of equitable tolling between the filing of his original and first amended

11  petitions, and his request for equitable tolling for an additional four and a half years after that is

12  absurd," respondent asserts.  (ECF No. 67 at 6.)

13      Petitioner counters that the conditions cited by the Ninth Circuit in its equitable tolling

14  analysis continued after January 2010, making the new claims timely under the Ninth Circuit's

15  analysis.  (ECF No. 68 at 3-5.)  As to Claim 1, "[t]here is no reason . . . to believe that Chatman's

16  severe mental health disorders and low IQ, and the Ninth Circuit's equitable tolling finding,

17  would excuse the delay in Chatman filing his initial petition but not his [December 2010] petition

18  that was filed later that same year."  (Id. at 3.)  As to Claims 3 and 4, petitioner argues that the

19  Ninth Circuit found that petitioner was incapable of litigating habeas claims on his own, and

20  counsel was not appointed to represent him until March 2015.  (Id. at 4.)  "Because it is now

21  undisputed that Chatman was unable to timely file a petition on his own (without the assistance of

22  other inmates), the Court should apply the same equitable tolling factors and principles to permit

23  the second amended petition that was promptly filed after recent appointment of counsel."  (Id. at

24  5.)

25      In Bills v. Clark, 628 F.3d 1092 (9th Cir. 2010), the Ninth Circuit set forth a two-part test

26  to determine a petitioner's eligibility for equitable tolling due to mental impairment:

27

28  _____

[3] Thus, Claim 1 in the proposed amended petition was effectively filed in December 2010 under
the "relation back" doctrine.  See Mayle, 545 U.S. at 659.

1    (1) First, a petitioner must show his mental impairment was an
2    "extraordinary circumstance" beyond his control, by demonstrating
     the impairment was so severe that either

3        (a) petitioner was unable rationally or factually to personally
         understand the need to timely file, or
4
5        (b) petitioner's mental state rendered him unable personally
         to prepare a habeas petition and effectuate its filing.

6    (2) Second, the petitioner must show diligence in pursuing the
     claims to the extent he could understand them, but that the mental
7    impairment made it impossible to meet the filing deadline under the
     totality of the circumstances, including reasonably available access
8    to assistance.

9    Bills, 628 F.3d at 1099–1100 (internal citations omitted).

10        Here, the Ninth Circuit's order of remand indicates that the panel found petitioner "unable

11   personally to prepare a habeas petition and effectuate its filing" largely due to factors that were

12   not specific to the period between November 2007 and January 2010, but were longstanding

13   conditions: an extensive history of mental illness, multiple psychological disorders, substance

14   abuse issues, low IQ, and poor language skills.

15        Moreover, the record of this action indicates that petitioner diligently pursued his federal

16   claims to the extent that he was able, attempting to raise and exhaust new claims during the

17   course of this action, and appealing an adverse judgment, on a pro se basis.  After petitioner was

18   appointed counsel, he promptly asserted a new Batson claim (Claim 3) and a claim of cumulative

19   error (Claim 4).

20        Based on the Ninth Circuit's finding of severe mental impairment and petitioner's

21   demonstrated diligence, the undersigned concludes that petitioner's new claims are timely under

22   the doctrine of equitable tolling as applied by the Ninth Circuit in this action.  As amendment is

23   not futile, the undersigned will recommend that petitioner's motion to amend be granted.

24   III.  Motion to Stay

25        As it contains both exhausted and unexhausted claims, the second amended petition is

26   "mixed."  Petitioner seeks a stay of this action pursuant to Rhines v. Weber, 544 U.S. 269 (2005)

27   while he exhausts Claims 1, 3 and 4 in the state supreme court.

28   ////

                                        8

1     To obtain a Rhines stay of a mixed petition pending exhaustion of the unexhausted claims,

2  the petitioner must show that (1) the unexhausted claims are potentially meritorious; and (2)

3  petitioner had good cause for his earlier failure to exhaust state remedies.[4]  544 U.S. at 278.

4  A.  Potential Merit

5     Under Rhines, a district court abuses its discretion in granting a stay when petitioner's

6  unexhausted claims are "plainly meritless."  544 U.S. at 277; see also Cassett v. Stewart, 406 F.3d

7  614, 623-624 (9th Cir. 2005) ("We now join our sister circuits in adopting the Granberry[5]

8  standard and hold that a federal court may deny an unexhausted petition on the merits only when

9  it is perfectly clear that the applicant does not raise even a colorable federal claim.").   Having

10  reviewed the second amended petition, the undersigned finds petitioner's unexhausted claims to

11  have sufficient potential merit to meet the first prong of the Rhines test.

12  B.  Good Cause

13     Petitioner offers two reasons for failing to exhaust Claims 1, 3, and 4 earlier.  The first is

14  petitioner's incapacity to litigate the claims, including "mental conditions, limited language, and

15  low IQ," as noted by the Ninth Circuit, and the fact that petitioner "did not have an attorney in

16  state habeas proceedings and filed his initial federal petition and first amended petition pro se

17  with the assistance of other inmates."  (ECF No. 66 at 5.)  The second is that petitioner's appellate

18  counsel rendered ineffective assistance in failing to present these claims on direct appeal.  (Id.)

19     Rhines does not go into detail as to what constitutes good cause for failure to exhaust.

20  The Supreme Court has noted in dicta that "[a] petitioner's reasonable confusion about whether a

21  state filing would be timely will ordinarily constitute 'good cause'" to excuse his failure to

22  exhaust, Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005), and the Ninth Circuit has held that a

23  showing of good cause does not require "extraordinary circumstances."  Jackson v. Roe, 425 F.3d

24  654, 661-62 (9th Cir. 2005).  Recently, the Ninth Circuit noted that "[a]n assertion of good cause

25  without evidentiary support will not typically amount to a reasonable excuse justifying a

26

27

---

[4] There is no indication that petitioner engaged in "intentionally dilatory litigation tactics," the third Rhines factor.  544 U.S. at 278.

28  [5] Granberry v. Greer, 481 U.S. 129, 135 (1987).

1    petitioner's failure to exhaust." <u>Blake v. Baker</u>, 745 F.3d 977, 982 (9th Cir. 2014).  However, "a

2    reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." <u>Id.</u>

3           In <u>Blake</u>, the Ninth Circuit held that ineffective assistance of counsel by post-conviction

4    counsel can be good cause for a <u>Rhines</u> stay.  <u>Id.</u> at 983.  Moreover, "good cause under <u>Rhines</u>,

5    when based on IAC, cannot be any more demanding than a showing of cause under <u>Martinez [v.</u>

6    <u>Ryan</u>, --- U.S. 132 S. Ct. 1309 (2012)] to excuse state procedural default." <u>Id.</u> at 983-84.  In

7    <u>Martinez</u>, the Supreme Court held that "a prisoner may establish cause for a default of an

8    ineffective assistance claim" where his post-conviction counsel "was ineffective under the

9    standards of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984)[.]"  <u>See also</u> <u>Coleman v. Thompson</u>,

10   501 U.S. 722, 755 (1991) ("We reiterate that counsel's ineffectiveness will constitute cause only

11   if it is an independent constitutional violation.").

12          Here, whether or not petitioner's appellate counsel rendered ineffective assistance as to

13   the unexhausted claims, the totality of circumstances cited by the Ninth Circuit – including

14   petitioner's mental illness, retardation, incapacity to litigate, and lack of legal assistance – are

15   sufficient to show good cause for failing to exhaust these claims earlier.  Thus the undersigned

16   will recommend that petitioner's motion for a <u>Rhines</u> stay be granted.

17          Accordingly, IT IS HEREBY RECOMMENDED that:

18          1.  Petitioner's motion to amend (ECF No. 65) be granted;

19          2.  Petitioner's motion to stay this action pending exhaustion of state remedies as to new

20   claims in the second amended petition (ECF No. 66) be granted;

21          3.  Petitioner be directed to file a request to lift the stay within thirty days of a decision by

22   the California Supreme Court concluding state habeas review; and

23          4.  The Clerk be directed to administratively close this case for purposes of case status

24   pending exhaustion.

25          These findings and recommendations are submitted to the United States District Judge

26   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

27   after being served with these findings and recommendations, any party may file written

28   objections with the court and serve a copy on all parties.  Such a document should be captioned

10

1  "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner

2  may address whether a certificate of appealability should issue in the event he files an appeal of

3  the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district

4  court must issue or deny a certificate of appealability when it enters a final order adverse to the

5  applicant).  Any response to the objections shall be served and filed within fourteen days after

6  service of the objections.  The parties are advised that failure to file objections within the

7  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

8  F.2d 1153 (9th Cir. 1991).

9  Dated:  October 15, 2015

10  _____

11  CAROLYN K. DELANEY
   UNITED STATES MAGISTRATE JUDGE

12

13

14  2 / chat0264.amend

15

16

17

18

19

20

21

22

23

24

25

26

27

28