UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY A. CHATMAN, | No. 2:10-cv-0264 KJM CKD P |
| Petitioner, | |
| v. | ORDER |
| M.S. EVANS, | |
| Respondent. | |

Petitioner is a California state inmate proceeding through counsel with a federal habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Petitioner filed a second amended § 2254 petition on July 14, 2015, and respondent filed an answer on October 5, 2016 after years of litigation concerning the timeliness of petitioner's claims for relief in his original as well as amended federal habeas petitions. In light of the age of this case as well as the substantial basis upon which petitioner is claiming a right to be released from custody, the undersigned is proceeding by order to develop the factual record concerning the procedural default of petitioner's ineffective assistance of trial counsel claim.[1]

I. **Factual and Procedural History**

In 2005, petitioner was sentenced to 23 years to life in prison for a Christmas Day melee with

---

[1] The court's analysis contained in this order will be incorporated into a subsequent Findings and Recommendations to which the parties will have the opportunity to object.

1

his cousin that resulted in the amputation of his cousin's right pinky finger based on petitioner's use of pruning shears. See ECF No. 64-2 at 3-8 (California Court of Appeal opinion). A jury convicted petitioner of the willful, deliberate and premeditated attempted murder of his cousin, assault with a deadly weapon, and mayhem after rejecting his self-defense claim. ECF No. 64-2 at 5.

Following his conviction, but prior to sentencing, petitioner was appointed a new attorney who filed a supplemental motion for a new trial based on trial counsel's failure to investigate and present evidence of petitioner's mental health history to negate the intent required for the charged offenses. See ECF No. 64-2 at Appendix 29-37. A post-trial hearing was held on September 26, 2005, in which a licensed clinical psychologist who had examined petitioner and his mental health records testified that petitioner suffered from a psychotic disorder not otherwise specified, paranoid schizophrenia, alcohol-induced persisting dementia, polysubstance abuse, and antisocial personality disorder. ECF No. 64-2 at Appendix 56. The psychologist further testified that petitioner had used alcohol for such a long period of time that he sustained "brain damage and loss of cognitive function" as a result. ECF No. 64-2 at Appendix 58.

A respected criminal defense attorney, Dennis Healy, also testified at the post-trial hearing after having reviewed trial counsel's file.[2] ECF No. 64-2 at Appendix 78-79. Mr. Healy explained that petitioner's psychiatric and psychological history could easily have been discovered by trial counsel "within 20 minutes and a couple of phone calls." ECF No. 64-2 at

---

[2] While the California Court of Appeal found the record silent with respect to whether trial counsel investigated petitioner's mental health history, this court has reviewed the underlying state court proceedings and believes that the record speaks volumes. See ECF No. 64-2 at 7 (direct appeal opinion stating that petitioner "cites nothing in this record to support his factual contentions that [trial counsel] Dillon did not investigate Chatman's mental history or consider presenting a mental defense."). Two specific examples from the post-trial hearing prove this point. First, Mr. Healy reviewed trial counsel's file prior to testifying and found petitioner's clinical history completely absent from any of the 26 pages of file notes that trial counsel made. ECF No 64-2 at Appendix 84. Additionally, and most importantly, there was no indication "[i]n all of the interviews of all of the witnesses" that trial counsel made "any inquiry whatsoever regarding petitioner's psychological history." ECF No. 64-2 at Appendix 92. Considering all of the witnesses in this case were related to petitioner and provided ample detail of petitioner's psychological struggles *when asked* by Dr. Purviance, the psychologist who testified at the post-trial hearing, there is no basis upon which to describe this record as silent.

2

Appendix 81. If this information had been properly investigated, Mr. Healy opined that it would have supported a secondary defense of attempted voluntary manslaughter based on lack of specific intent to establish attempted premeditated murder. ECF No. 64-2 at Appendix 82-83. This secondary defense strategy was not inconsistent with the self-defense strategy pursued at trial. ECF No. 64-2 at Appendix 94. Ultimately, the trial court denied petitioner's motion for a new trial and proceeded to sentencing.

With a fully developed factual record in hand, appellate counsel raised the ineffective assistance of trial counsel claim on direct appeal before the California Court of Appeal. See People v. Lucas, 12 Cal.4th 415, 437 (1995) (stating that "[r]eviewing courts will reverse convictions (on direct appeal) on the ground of inadequate counsel only if the record on appeal affirmatively discloses that counsel had no rational tactical purpose for (his or her) act or omission.") (quoting People v. Zapien, 4 Cal.4th 929, 980 (1993)). However, that same appellate counsel did not file a petition for review to the California Supreme Court resulting in the subsequent procedural default of petitioner's ineffective assistance of trial counsel claim in the current federal habeas proceedings.

Petitioner eventually did manage to file a pro se petition for review raising unknown claims for relief, but it was rejected by the California Supreme Court as untimely. By the time petitioner's current counsel was able to properly exhaust the ineffective assistance of trial counsel claim by filing a state habeas corpus petition it also was deemed untimely by the California Supreme Court. See ECF No. 78-5 at 242 (citing In re Robbins, 18 Cal.4th 770 (1998), and In re Clark, 5 Cal.4th 750 (1993)).

## II. Procedural Default

Respondent contends that the ineffective assistance of trial counsel claim is procedurally defaulted based on the California Supreme Court's determination that it was not timely presented to the state court. See ECF No. 78-5 at 242.[3] Petitioner concedes that California's timeliness bar

---

[3] Respondent also asserts that claims three and four of the second amended § 2254 petition are procedurally defaulted. However, the instant procedural default analysis is limited to claim one, petitioner's ineffective assistance of trial counsel claim. The court finds it unnecessary to address the procedural default of petitioner's remaining claims for relief at this time.

3

has generally been found independent and adequate to bar federal review on the merits, but asserts that there is adequate cause and prejudice to excuse the default in this case based on the combination of petitioner's severe mental illness and intellectual disabilities. ECF No. 93 at 7-8 (Traverse).

### III. Law of the Case

On November 26, 2014, the Ninth Circuit Court of Appeals reversed and remanded this case after reviewing the post-trial transcript describing petitioner's mental health history and condition and concluding that it warranted equitably tolling the federal statute of limitations governing habeas relief. See ECF No. 53 (Memorandum Opinion). The remand order was clear. Petitioner "produced uncontroverted evidence demonstrating a long history of mental illness, including a report by a psychiatric expert, Social Security Administration disability records, and prison medical records." ECF No. 53 at 2. No additional fact-finding by this court was necessary in order to conclude that equitable tolling was warranted. Id. at 3-4 (finding that the record was also adequately developed to demonstrate that petitioner was diligent in pursuing his claims for relief). These findings by the Ninth Circuit are now law of the case. See Thomas v. Bible, 983 F.2d 152, 154 (9th Cir.) (reversing an award of attorneys' fees to defendants where a prior appeal decision, by implication, had concluded that plaintiff's action was not frivolous), cert. denied, 508 U.S. 951 (1993).

Following remand, this court extended the original period of equitable tolling granted by the Ninth Circuit for an additional period of five years in order to render petitioner's amended claims, filed in December 2010 as well as July of 2015, timely. See ECF Nos. 69 (Findings and Recommendations), 72 (District Judge Order). In so doing, this court emphasized that the Ninth Circuit "found petitioner 'unable personally to prepare a habeas petition and effectuate its filing' largely due to factors that were not specific to the period between November 2007 and January 2010, but were longstanding conditions: an extensive history of mental illness, multiple psychological disorders, substance abuse issues, low IQ, and poor language skills." ECF No. 69 at 8.

////

This court is precluded from reconsidering an issue that has already been decided by a higher court in the identical case. See Milgard Tempering, Inc. v. Selas Corp. of America, 902 F.2d 703, 715 (9th Cir. 1990). Here, law of the case doctrine applies because the severity and duration of petitioner's combined mental illness and intellectual disabilities were expressly before the Ninth Circuit in determining the availability of equitable tolling. See Milgard, 902 F.2d at 715 (quoting Liberty Mut. Ins. Co. v. E.E.O.C., 691 F.2d 438, 441 (9th Cir. 1982)). Accordingly, this court finds it unnecessary to order an evidentiary hearing or further factual development concerning whether petitioner's mental condition rendered him completely unable to comply with California's direct appeal procedures at the time that he defaulted his ineffective assistance of trial counsel claim. See Schneider v. McDaniel, 674 F.3d 1144 (9th Cir. 2012).

**IV.     Analysis**

In order to have the procedural default of his ineffective assistance of trial counsel claim excused, petitioner must demonstrate that he suffered from a mental condition that rendered him "completely unable to comply with a state's procedures and he had no assistance." Schneider, 674 F.3d at 1154; see also Holt v. Bowersox, 191 F.3d 970, 974 (8th Cir. 1999) (holding that a petitioner's mental illness may constitute cause to excuse procedural default where there is "a conclusive showing that mental illness interfered with a petitioner's ability to appreciate his or her position and make rational decisions regarding his or her case at the time during which he or she should have pursued post-conviction relief"). With petitioner's mental condition already established based on law of the case, the only remaining issue is whether petitioner had access to legal assistance, jailhouse or otherwise, during the 40 day window in which a petition for review was required to be filed in the California Supreme Court. See Schneider, 674 F.3d at 1154; Cal. R. Court, Rule 8.366(b)(1); Cal. R. Court, Rule8.500(e)(1).

While petitioner has already submitted evidence concerning his efforts to obtain jailhouse legal assistance in filing a state habeas petition in 2008, that is not the relevant timeframe currently at issue. See ECF No. 64-2 at 13-14 (Petitioner's Declaration of 9/9/10). This court's analysis of cause to excuse the procedural default must look at the time period when the actual default occurred. See Calderon v. Bean, 96 F.3d 1126, 1130 (9th Cir. 1996) (holding that the

proper time for determining whether a procedural rule was firmly established and regularly followed is "the time of [the] purported procedural default"), cert. denied, 520 U.S. 1204 (1997); Fields v. Calderon, 125 F.3d 757, 760 (9th Cir. 1997) (discussing the proper date on which a state court's procedural rule is to be measured in determining its adequacy so as to bar subsequent review of the claim on the merits based on the procedural default doctrine and adopting the view that the correct "trigger date" is the time when the defaulted claims should have been raised). In this particular case, the procedural default of petitioner's ineffective assistance of trial counsel claim occurred when he failed to file a petition for review in the California Supreme Court. That timeframe was extremely short, i.e. 40 days, and ran from January 24, 2007, the day after the California Court of Appeal denied relief on his ineffective assistance of trial counsel claim, until March 5, 2007, the deadline for filing a petition for review in the California Supreme Court.[4]

Accordingly, IT IS HEREBY ORDERED that:

1. Within 30 days from the date of this order petitioner shall file an affidavit[5] addressing: 1) whether he had any access to legal assistance during the 40 day appeal window outlined above; and, 2) whether petitioner received sufficient notice of the denial of his direct appeal by the California Court of Appeal from his appellate counsel in order to timely file a pro se petition for review.

2. Any request for an extension of time is highly disfavored.

3. The parties are advised that Findings and Recommendations will issue immediately after the court's receipt of petitioner's affidavit. No additional briefing schedule will be set by the court.

Dated: March 1, 2018

12/chat0264.orderaff.docx

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

[4] The 40 day deadline fell on Sunday, March 4, 2007. Since the deadline fell on a weekend, petitioner had until Monday, March 5, 2007 to file a petition for review. See Cal. Rules of Court Rule 1.10(b).

[5] See Murray v. Carrier, 477 U.S. 478, 487 (1986) (noting that "the rule applied by the [Fourth]Circuit Court of Appeals would significantly increase the costs associated with a procedural default in many cases," and approving of the use of affidavits "or other simplifying procedures" by federal district courts in order to minimize the burdens to all parties).

6