UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY A. CHATMAN,<br><br>        Petitioner,<br><br>   v.<br><br>M.S. EVANS,<br><br>        Respondent. | No. 2:10-cv-00264 KJM CKD P<br><br>ORDER SETTING SETTLEMENT CONFERENCE |

Petitioner is a California state inmate proceeding through counsel with a federal habeas corpus petition filed pursuant to 28 U.S.C. § 2254. On today's date, the undersigned issued Findings and Recommendations that petitioner's second amended habeas corpus application be granted with respect to claim one. In light of the lengthy litigation history in this case as well as the pending recommendation granting relief, the parties are hereby ordered to attend a settlement conference before Magistrate Judge Allison Claire at the U.S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #26 on April 19, 2018 at 9:00 a.m. **The April 19, 2018 date is firm and the parties are advised that no extensions of time to comply with this order will be granted.**

A separate order for a writ of habeas corpus ad testificandum will not issue at this time in order to allow petitioner's counsel to determine whether petitioner prefers to be personally present at the settlement conference or to participate via video conferencing from California State

1

Prison-Sacramento.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Allison Claire on April 19, 2018, at 9:00 a.m. in Courtroom #26 at the U. S. District Court, 501 I Street, Sacramento, California 95814.

2. Counsel for petitioner shall confer with his client to determine whether petitioner prefers to be personally present at the settlement conference or to participate via video conferencing. Counsel shall file a notice with the court describing petitioner's preference for participation no later than April 6, 2018.

3. Parties are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.[1]

---

[1] The use of settlement conferences is not limited to civil litigation. See United States v. Ross, No. 11-16590, (9th Cir. November 9, 2012) (referring a § 2255 appeal to the Ninth Circuit Mediation Unit for settlement discussions); see also Dixon v. Yates, No. 16-16238 (9th Cir. 2016) (dismissing appeal of § 2254 petition granted by the district court based upon an agreed settlement by the parties); L. R. 270(a) (permitting a settlement conference to be held "in all actions unless otherwise ordered by the Court"). While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences…." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486.

4. Parties are directed to submit confidential settlement statements no later than April 16, 2018 to acorders@caed.uscourts.gov. If a party desires to share additional confidential information with the Court, they may do so pursuant to the provisions of Local Rule 270(d) and (e). Parties are also directed to file a "Notice of Submission of Confidential Settlement Statement." See L.R. 270(d).

Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

The confidential settlement statement shall be **no longer than five pages** in length and include the following:

   a. A brief statement of the facts of the case.
   b. A forthright evaluation of the parties' likelihood of prevailing before the District Court Judge as well as the Ninth Circuit Court of Appeal.
   c. A summary of the procedural history of this case to date.
   d. An estimate of the cost and time to be expended for further litigation of this case.
   e. The relief sought in light of the recommendation by the undersigned to grant the writ of habeas corpus.
   f. The party's position on settlement including the views of the Solano County District Attorney's Office if obtainable in the timeframe scheduled by the court.
   g. A brief statement of each party's expectations and goals for the settlement conference.

Dated: April 2, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/chat0264.settlement.docx